# WILLIAM J. FORT
## v.
# PHILIP McGRATH.

1. TENANCY—HOLDING OVER.—All contracts of leasing, as well as other contracts, expire by their own limitation. It requires no notice from either party to terminate them. So, where one hired of another the privilege of pasture for the year 1876, the contract terminated by its own terms, and no notice was necessary that he would not want it for the next year. Unless the tenant intended to use the pasture for another year, and the landlord acquiesced in such use, there could be no holding over.

2. LANDS HELD IN COMMON.—Where lands owned by several were inclosed in a common field, and one of the tenants hired of another his right of pasture in the common field for a year, but on the following year put into the common field only his own proportion of cattle, to which he was entitled as common owner with the others, there is no implied holding over under the former tenancy. The lease expired by its own limitation.

3. INSTRUCTIONS.—Instructions must be based on the evidence.

4. ADMISSION OF INDEBTEDNESS.—If the admission of indebtedness by defendant, testified to by plaintiff's witnesses, had reference to another matter, and not to the subject-matter of this suit, he would not be liable in this action, and the jury should have been so instructed.

APPEAL from the Circuit Court of Marshall county; the

Hon. John Burns, Judge, presiding.   Opinion filed December 4, 1880.

Mr. Fred. S. Potter, for appellant; that there was not a holding over, cited Fort v. McGrath, 4 Bradwell, 233.

The exclusive possession held by appellee for over six months after the pasturage season closed, amounted to an eviction: Hayner v. Smith, 63 Ill. 430;   1 Washburn on Real Property, 311.

The parties occupied the relation of tenants in common, and this relation remains until revoked: 1 Washburn on Real Property, 313;   Kamphouse v. Gaffner, 73 Ill. 453.

Nothing short of an express contract to pay rent, or an appropriation of the entire property, will make one tenant in common liable to another for use and occupation: 1 Washburn on Real Property, 434;   Chambers v. Jones, 72 Ill. 275;   Ball v. Palmer, 81 Ill. 370;   Creed v. The People, 81 Ill. 565.

The court will determine the relation of the parties from the circumstances: Harman v. Harman, 61 Me. 222.

The fact that one series of instructions correctly states the law will not cure errors in the other: Baldwin v. Killian, 63 Ill. 550;   Ill. Cent. R. R. Co. v. Maffit, 67 Ill. 431.

Messrs. Barnes & Muir, for appellee.

Lacey, P. J.   This case was originally commenced before a justice of the peace.·  A recovery was had and an appeal taken to the circuit court, resulting in a verdict for appellee for $70, and an appeal taken to this court, when, on hearing the judgment of the circuit court was reversed and the cause was remanded.   For the facts of the case, see 4 Bradwell, page 233.   Since that time the case was again tried in the circuit court, resulting in a verdict and judgment for appellee for $70, from which an appeal is taken to this court.   The evidence shows that in 1875 the common pasture arrangement was entered into between the appellant, appellee, Col. Fort and the Monohan heirs, the appellant having 240 acres, the appellee 70, Col. Fort 64 acres, and the Monohan heirs 80 acres.   By agree-

ment the land was all fenced in common, each owner of land pasturing cattle in this pasture in proportion to the land he owned.   In the spring of 1876, the appellant rented for $70 the use of appellee's privilege to turn in the amount of stock that appellee was entitled to turn in for the summer of 1876.

After the pasturing season was over, the appellant paid appellee in full for the use of the pasture for . the summer, and as he testifies, told appellee he "wanted no more of it." This appellee denies.   Appellee during the winter did some clearing on the land.   Nothing more was said or done about the pasture privilege of appellee.   Appellant during the summer of 1877 only put the number of cattle into the pasture which he was entitled to by virtue of his own interest in the pasture.   There is no controversy about this fact in the evidence.   He did not claim appellee's privilege; the appellee might have turned his stock into the pasture in proportion to the amount of interest he had therein, but he did not do so nor attempt to do so.   After the close of the year 1877, the appellee demanded of appellant $70 for the use of his pasture privilege for that year, and for this the present suit is brought. It is claimed by appellee's counsel that there was an implied leasing or holding over for the year 1877.   We think clearly under the evidence there was no implied leasing or holding over for the latter year, nor any evidence from which such an implied leasing can be inferred.   All contracts of leasing as well as other contracts, expire by their own limitation; it requires no notice from either party to terminate them.   It was not necessary for appellant to notify appellee that he would not use the pasture privilege for the year 1877.   The contract terminated by its own terms.   Unless appellant intended to use appellee's pasture right for the year 1877, and appellee accepted such use and acquiesced in it, there could be no holding over.   And from the evidence, and it is the only evidence uncontroverted, that appellant put only the number of cattle and stock into the pasture which he was entitled to, leaving the appellee the free use of his interest, there could be no implied holding over.

The appellee asked and the court gave no less than thirteen

Fort v. McGrath.

long instructions as to the law of the case, many of them cal-
culated to mislead the jury.    The law applicable could have
been stated in a few simple propositions.    More than that
they tended to mislead the jury.

The second instruction was not based on any evidence in the
case.    The same may be said of the third instruction.    The
portion of the fourth instruction which submits the question
of express or implied holding over to the jury is subject to the
same objection.

The sixth instruction is subject to the same objection, besides
is misleading, and requires appellant to surrender up his lease,
and tells the jury that if he used the land in all respects as he
did in 1876, and pastured the land for 1877, then the law would
imply holding over.    This may be construed to mean that if
he put cattle into it and pastured, as he did in 1876, then he
held over.    But he did pasture the land in the common field
in the same manner that he did in 1876—that is, he put cattle
into it; but only what he was entitled to.    This instruction was
well calculated to mislead the jury, and was not based on the
evidence.    The seventh and eighth instructions are not based
on the evidence, and are misleading.    The fifth and tenth are
in substance the same.    Only one of them should have been
given.    The eleventh instruction of appellee is misleading, and
not based on the evidence.    The law of the case is about all
embodied in appellant's first instruction, though in that, what
is said as to how the parties occupied the land in 1878 and 1879
is not material and is argumentative.

The appellant's third, fourth and sixth instructions em-
body pretty nearly or quite the same principle announced
in the first, and might have been properly refused for that
reason.    The modification of the third and sixth we regard as
improper, but proper as to the fourth, if appellant had not
excluded from the body of the instruction the idea of a promise
to pay.    The eighth is not based on any evidence, and both the
instruction as drawn up are manifestly improper, because not
based on the evidence.    The instruction marked thirteen, as
given by the court, while announcing correct propositions of

law, is yet, we think, too general, and not applicable to the facts of the case.

We think the two instructions asked to be given on part of appellee, and refused by the court, should have been given, or the same in substance.

It was claimed that appellant had admitted to both appellee and his son that he owed them their claim, and had promised to pay for the use of appellee's pasture privileges for the year 1877, but this, appellant testifies, he did not do. That when the conversation took place, he had in mind another matter—a claim for trespass of his stock on appellee's grain, and what he said had referred to that. If his promise or offer, or admission, had reference to this claim only, it could not be a promise to pay any other claim, and the jury should have been so told.

For these reasons, the judgment is      reversed and the cause remanded.

Reversed and remanded.